DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| STEVEN ENRIQUE MATTA, II, )<br>)<br>      **Plaintiff,** )<br>)<br>      v. )<br>)<br>GOVERNMENT OF THE VIRGIN ISLANDS, )<br>VIRGIN ISLANDS ATTORNEY GENERAL )<br>VINCENT FRAZER, USTON CORNELIUS, )<br>DONNEL SAMUEL, TEHRAN PARRIS, )<br>SAMUEL ABRAHAM, HERMAN LYNCH, )<br>NYIEM FRANCE, ANTHONY HECTOR and )<br>EMANUEL TURNER, )<br>)<br>      **Defendants.** )<br>_____) | Civil Action No. 2011-091 |

**Attorneys:**
**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Erika Marie Scott, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER is before the Court on Defendant Government of the Virgin Islands' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Dkt. No. 24), and Plaintiff Steven Enrique Matta, II's Opposition to the Motion (Dkt. No. 28). For the reasons that follow, the Court will grant in part and deny in part the Government's Motion.

I.   **BACKGROUND**

By Complaint filed on September 16, 2011, Plaintiff Steven Enrique Matta, II ("Matta"), initiated this tort action to recover damages stemming from his November 26, 2009 arrest, incarceration, and subsequent prosecution. (Dkt. No. 1). The Complaint named as defendants the Government of the Virgin Islands ("Government"), the Attorney General of the Virgin Islands, and several police officers of various rank within the Virgin Islands Police Department. (*Id.* at ¶¶ 2–11). Matta listed fourteen total causes of action—four under federal law and ten under local law.[1] (*Id.* at ¶¶ 62–133). The first federal cause of action was directed against the Attorney General and the Defendant police officers and alleged the deprivation of Matta's civil rights under 42 U.S.C. § 1983 (Count I). (Dkt. No. 1 at ¶¶ 62–69). The second, third, and fourth federal causes of action were directed against "all Defendants" and alleged the deprivation of Matta's civil rights under 42 U.S.C. § 1983 (Count II), 42 U.S.C. § 1985 (Count III), and 42 U.S.C. §1986 (Count IV). (*Id.* at ¶¶ 70–82).

Additionally, the Government was named in two local counts, which alleged negligent hiring and retention of employee services (Count XII), and the intentional infliction of emotional distress (Count XIV).[2] (*Id.* at ¶¶ 119–124; 130–133). Counts III and IV, and the Attorney General, were dismissed by stipulation of the parties (Dkt. Nos. 27, 50), leaving Count II as the only federal cause of action directed against the Government.

---

[1] The Court notes that Count V, labeled "Virgin Islands Tort Claims Act," is not a cause of action, but rather a recitation of the statute which authorizes Matta to bring his local tort claims against the Government and the individual governmental defendants in their official capacities. *See Wilson v. V.I. Water & Power Auth.*, 2010 U.S. Dist. LEXIS 129229, at *3 (D.V.I. Dec. 7, 2010).

[2] The fourteenth count was mistakenly labeled as Count XII in the Complaint.

In the instant Motion to Dismiss, the Government argues that the Court should dismiss Count II because Matta failed to state a claim under § 1983 and, further, that the Court should dismiss the local claims against the Government for lack of subject matter jurisdiction. In his Opposition, Matta agrees that Count II should be dismissed, but opposes the dismissal of the local claims against the Government. (Dkt. No. 28).

## II. APPLICABLE LEGAL PRINICPLES

Under the Supreme Court decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6):

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679); *Acosta v. Hovensa, LLC*, 53 V.I. 762, 770 (D.V.I. 2010). "A district court may grant the motion to dismiss only if, accepting all factual allegations as true and construing the complaint in the light most favorable to plaintiff, it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Acosta*, 53 V.I. at 771 (citing *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 531 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678–79). While the Court must determine whether the facts as pleaded state a plausible claim for

3

relief, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Fowler,* 578 F.3d at 213 (quoting *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

In its Motion, the Government argues that Count II should be dismissed because the territory of the Virgin Islands is not a "person" under § 1983. The Government further argues that once Count II—the only federal count directed against it—is dismissed, the remaining local counts against it should be dismissed for lack of subject matter jurisdiction.[3] The Court agrees that Count II must be dismissed, but will retain jurisdiction over local Counts XII and XIV.

### A. "Person" Under § 1983

Matta concedes that Count II against the Government should be dismissed because the Government is not a "person" for § 1983 purposes. (Dkt. No. 28 at 3). The Court agrees. *See Magras v. De Jongh*, 2013 U.S. Dist. LEXIS 25782, at *15 (D.V.I. Feb. 26, 2013) (citing *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240 (3d Cir. 2010)).[4] Actions for money damages—

---

[3] The Government's Motion also presents arguments for why federal Counts III and IV, brought pursuant to § 1985 and § 1986, respectively, should be dismissed. In his Opposition, Matta notes that the parties stipulated to dismissing those counts on December 27, 2011, and the Government's Motion to Dismiss in that regard is therefore moot. (Dkt. No. 28 at 1). The record confirms Matta's assertion. (Dkt. Nos. 27, 50).

[4] Section 1983 provides, in pertinent part:
> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983 (emphasis added).

4

as sought here (Dkt. No. 1 at 24)—are not permissible against the Government under § 1983. *McCauley*, 618 F.3d at 241.

Because Matta has failed to state a claim under § 1983 against the Government, the Court will dismiss Count II as it pertains to the Government.

**B.     Supplemental Jurisdiction**

The Government argues that once Count II is dismissed, the Court should not exercise supplemental jurisdiction over Matta's remaining local claims against the Government. The Court disagrees.

After dismissing Count II against the Government, the Court will continue to have federal question jurisdiction over this action because Counts I and II allege federal causes of action—pursuant to § 1983—against the Defendant police officers. Title 28 U.S.C. § 1367(a) provides in pertinent part that, when a district court has federal question jurisdiction, the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).[5] In order for a court to exercise supplemental jurisdiction over state law claims, "[t]he state and federal claims must derive from a common nucleus of operative facts" and "the plaintiff's claims [must be] such that he would ordinarily be expected to try them all in one judicial proceeding." *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995) (citing *United Mineworkers v. Gibbs*, 383 U.S. 715, 725 (1966)).

---

[5] Title 28 U.S.C. § 1367(a) empowers district courts that have original jurisdiction over an action—through federal question or diversity of citizenship—to exercise supplemental jurisdiction over related local claims from the same "case or controversy." *Exxon Mobile v. Allapattah Servs.*, 545 U.S. 546, 559 (2005). The grant of jurisdiction in Section 1367(a) is subject to Sections 1367(b) and 1367(c), which present situations that do not apply here.

The Government correctly argues that "federal courts routinely decline to exercise pendent jurisdiction when the causes of action that gave the court original jurisdiction have been dismissed." (Dkt. No. 25 at 6) (citing *Neuberger v. Thompson*, 305 F. Supp. 2d 521 (W.D. Pa. 2004), and *Looby v. Dawson*, 2007 WL 3171935 (D.V.I. Oct. 19, 2007)); *see* 28 U.S.C. § 1367(c)(3). However, in the cases upon which the Government relies, the courts dismissed *all* of the federal claims before them and then declined to exercise supplemental jurisdiction over the remaining local claims. *Neuberger*, 305 F. Supp. 2d at 536; *Looby*, 2007 WL 3171935, at *4–5. Here, by contrast, federal causes of action remain—Counts I and II against the Defendant police officers.

The question that arises is whether it matters that the remaining federal claim here is directed at defendants *other* than the Government. The answer is no. Section 1367(a) concludes by clarifying that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). The Federal Courts Study Committee, which made the recommendations to Congress that culminated in the passage of § 1367 in 1990, stated the following in its report to Congress:

> [W]e recommend that Congress expressly authorize federal courts to hear any claim arising out of the same "transaction or occurrence" as a claim within federal jurisdiction, *including claims, within federal question jurisdiction, that require the joinder of additional parties, namely defendants, against whom that plaintiff has a closely related state claim.*

Report of Federal Courts Study Committee, at 47–48 (1990) (emphasis added); *see also* 13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice & Procedure* §3567.1 at 365 (3d ed. 2008) ("The fact that the claim involves a party as to whom there is no claim that invokes an independent basis of subject matter jurisdiction is irrelevant.").

Accordingly, the Court will exercise supplemental jurisdiction over Matta's local claims against the Government for negligent hiring and retention of employee services, and intentional infliction of emotional distress because they "derive from a common nucleus of operative facts" as Matta's § 1983 claims against the other Defendants, and because these claims are "such that [Matta] would ordinarily be expected to try them all in one judicial proceeding." *Lyon v. Whisman*, 45 F.3d at 761.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Matta failed to state a claim under § 1983 against the Government, but that the Court has supplemental jurisdiction over Matta's local claims against the Government. An appropriate Order accompanies this Memorandum Opinion.

Date: August 27, 2014                              _____/s/_____
                                                   WILMA A. LEWIS
                                                   Chief Judge