DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| STEVEN ENRIQUE MATTA, II,            )<br>                                                              )<br>           **Plaintiff,**                              )<br>                                                              )<br>      v.                                                 )<br>                                                              )<br>GOVERNMENT OF THE VIRGIN ISLANDS, )<br>VIRGIN ISLANDS ATTORNEY GENERAL  )<br>VINCENT FRAZER, USTON CORNELIUS,   )<br>DONNEL SAMUEL, TEHRAN PARRIS,          )<br>SAMUEL ABRAHAM, HERMAN LYNCH,       )<br>NYIEM FRANCE, ANTHONY HECTOR and  )<br>EMANUEL TURNER,                                     )<br>                                                              )<br>           **Defendants.**                           )<br>_____) | **Civil Action No. 2011-091** |

**Attorneys:**
**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
  *For the Plaintiff*

**Erika Marie Scott, Esq.,**
St. Croix, U.S.V.I.
  *For the Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

  THIS MATTER is before the Court on Defendant Emanuel Turner's Motion for Judgment on the Pleadings (Dkt. No. 32), and Plaintiff Steven Enrique Matta, II's Opposition to the Motion (Dkt. No. 38-1). For the reasons that follow, the Court will grant in part and deny in part Turner's Motion.

I.     BACKGROUND

A.     Procedural History

By Complaint filed on September 16, 2011, Plaintiff Steven Enrique Matta, II ("Matta") initiated this tort action to recover damages stemming from his November 26, 2009 arrest, incarceration, and subsequent prosecution. (Dkt. No. 1). The Complaint named as defendants the Government of the Virgin Islands ("Government"), the Attorney General of the Virgin Islands, and several police officers of various rank within the Virgin Islands Police Department ("VIPD"). (*Id.* at ¶¶ 2–11). One of the named Defendant police officers was Sergeant Emanuel Turner ("Turner"). (*Id.* at ¶ 7). Matta listed fourteen total causes of action—four under federal law and ten under local law. (*Id.* at ¶¶ 62–133).[1]

The first federal cause of action was directed against the Attorney General and the Defendant police officers, including Turner, and alleged the deprivation of Matta's civil rights under 42 U.S.C. § 1983 (Count I). (Dkt. No. 1 at ¶¶ 62–69). The second, third, and fourth federal causes of action were directed against "all Defendants" and alleged the deprivation of Matta's civil rights under 42 U.S.C. § 1983 (Count II), 42 U.S.C. § 1985 (Count III), and 42 U.S.C. §1986 (Count IV). (*Id.* at ¶¶ 70–82). Additionally, Turner was named in two local counts, which alleged defamation (Count IX), and the intentional infliction of emotional distress (Count XIV).[2] (*Id.* at ¶¶ 106–110; 130–133). Counts III and IV, and the Attorney General, were dismissed by

---

[1] The Court notes that Count V, labeled "Virgin Islands Tort Claims Act," is not a cause of action, but rather a recitation of the statute which authorizes Plaintiff to bring his local tort claims against the Government and the individual governmental defendants in their official capacities. *See Wilson v. V.I. Water & Power Auth.*, 2010 U.S. Dist. LEXIS 129229, at *3 (D.V.I. Dec. 7, 2010).

[2] The fourteenth count was mistakenly labeled as Count XII in the Complaint.

2

stipulation of the parties (Dkt. Nos. 27, 50), leaving Counts I and II as the only federal causes of action directed against Defendant Turner.[3]

In the instant Motion for Judgment on the Pleadings, Turner argues that the Court should dismiss Matta's federal claims against him because Matta failed to state a claim under § 1983 and he is entitled to qualified immunity; the Court should dismiss the local claims against him for lack of subject matter jurisdiction; and the Court should dismiss Matta's demand for punitive damages against him. Matta opposes Turner's Motion. (Dkt. No. 38-1).

**B.     Factual Background**

In view of the applicable legal standard, *see infra*, Part II, the following facts alleged in the First Amended Complaint are accepted as true for purposes of Turner's Motion.[4]

In the early evening of November 26, 2009, off-duty police officer Donnel Samuel noticed patrol units in Estate Glynn, where he was celebrating Thanksgiving. (Dkt. No. 1 at ¶ 14). Samuel communicated with the officers in the area and they informed him that they were searching for the suspected perpetrator of a crime that had occurred nearby. (*Id.* at ¶ 16). Samuel joined the other officers in the search. (*Id.* at ¶ 17).

Shortly thereafter, Plaintiff Matta left a Thanksgiving celebration at a friend's house in the Estate Glynn area. (*Id.* at ¶ 18). Matta encountered Samuel's car, which was unmarked and blocking the road. (*Id.* at ¶ 19). Samuel, wearing plainclothes, got out of his vehicle and walked towards Matta while shouting and waving his hands. (*Id.* at ¶ 21).

---

[3] By Order entered today, granting in part and denying in part the Government's Motion to Dismiss, the Court dismissed Count II as to the Government. (Dkt. No. 62).

[4] The facts as alleged in the complaint are taken as true for purposes of a motion for judgment on the pleadings. *Allah v. Al-Hafeez*, 226 F.3d 247, 249–50 (3d Cir. 2000).

Matta opened his door, trying to hear what Samuel was shouting as Samuel approached Matta's car. (*Id.* at ¶ 22). Because Samuel never identified himself as a police officer, Matta feared for his life when Samuel arrived at the car. (*Id.* at ¶¶ 23–25). Samuel reached for his own waist, as if preparing to draw a gun. (*Id.* at ¶ 24). Reacting out of fear and panic, Matta put his car in reverse in an attempt to escape Samuel. (*Id.* at ¶ 25). Samuel, however, reached into Matta's car and hit him three times in the face. (*Id.* at ¶ 26). As Samuel beat him, Matta lost control of his car and crashed into a fence. (*Id.* at ¶ 27). After the crash, Samuel and another police officer, who had arrived at the scene, dragged Matta out of his car. (*Id.* at ¶¶ 28–29). As the two officers pulled Matta out of the car, he had to contort his body to release his right arm from the seatbelt. (*Id.* at ¶ 31).

Several more officers arrived on the scene and, despite Matta's protests that he "didn't do anything," beat his body and face so badly that they knocked the "grill" out of his mouth. (*Id.* at ¶¶ 32–35). The officers then placed Matta under arrest, dragged him to a police car, shoved him into the back of the car, and drove him to the hospital emergency room. (*Id.* at ¶¶ 36–38). Defendant Turner was not present during the arrest or at any time prior thereto. (*See id.* at ¶ 35).

En route to the hospital, one of the arresting officers informed Matta that the officers had been looking for another individual whose description Matta did not match. (*Id.* at ¶ 39). After receiving treatment at the hospital, Matta was transported to the police station where he was charged with assault in the third degree and reckless endangerment in the first degree. (*Id.* at ¶ 43). Matta was held at Golden Grove Correctional facility from November 27 through December 3, 2009, when he posted a secured bond and was released pending trial. (*Id.* at ¶¶ 48–50).

Matta filed a complaint ("civilian complaint") with the VIPD's Internal Affairs Bureau on December 7, 2009, claiming that he was unlawfully detained and beaten by the Defendant

police officers. (*Id.* at ¶ 52). Defendant Turner was responsible for investigating Matta's civilian complaint. (*Id.* at ¶ 53). Turner failed to conduct a proper investigation and wrote a report concluding that Matta's allegations were unfounded, and stating:

> The actions of the officers were precipitated by your actions when you reversed your vehicle at a high rate dragging one of the officers. The officer who first approached your vehicle was conducting a valid investigation. The officer, who was subsequently dragged by your vehicle, indicated it was during his attempt to reach for his identification when you reversed the vehicle dragging him across the road colliding into a fence and tree. This action caused an officer to sustain injuries to his person. You were subsequently apprehended and charged with reckless endangerment and assault third. They submit that you received your injuries from the accident and that during the apprehension you fell while struggling with the officers.

(Dkt. No. 33-1).

On December 15, 2009, the Government filed a criminal information against Matta in the Superior Court of the Virgin Islands charging him with reckless endangerment in the first degree and assault in the third degree. (Dkt. No. 1 at ¶ 54). On February 23, 2010, following a two day criminal trial, a jury found Matta not guilty on both counts. (*Id.* at ¶¶ 57–58).

On May 7, 2010, Internal Affairs responded to Matta's civilian complaint by letter. (*Id.* at ¶ 60). According to Matta, Internal Affairs "reversed Defendant Emanuel Turner's findings explaining that it found Defendant Emanuel Turner's investigation to be deficient as it failed to answer certain pertinent questions." (*Id.*). However, the letter "further explained that the time limitations to impose punitive measures had lapsed due to delays in the investigation of [Matta's] claims thereby precluding Internal Affairs from recommending disciplinary action." (*Id.*).

Matta initiated the instant action on September 16, 2011. (Dkt. No. 1).

5

## II.     APPLICABLE LEGAL PRINICPLES

"[A] motion for judgment on the pleadings based on the theory that the plaintiff failed to state a claim is reviewed under the same standards that apply to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146–47 (3d Cir. 2013) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010) (citing *Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) ("Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings."))); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 at 218–21 (3d ed. 2004) (explaining that in the context of the defense of failure to state a claim—permissibly brought under Rule12(c) after the close of pleadings pursuant to Rule 12(h)(2)—"[t]he mere fact that th[is] procedural defect[] [is] raised in the guise of a Rule 12(c) motion should not affect the manner by which the court determines what essentially [is] [a] Rule 12(b) matter[]," and that "[i]n this context, Rule 12(c) is merely serving as an auxiliary device that enables a party to assert certain procedural defenses after the close of pleadings.").

Under the Supreme Court decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6):

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679); *Acosta v. Hovensa, LLC*, 53 V.I. 762, 770 (D.V.I. 2010). "A district court may grant the motion to dismiss only if, accepting all factual allegations as true and construing the complaint in the light most favorable to plaintiff, it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Acosta*, 53 V.I. at 771 (citing *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 531 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678–79). While the Court must determine whether the facts as pleaded state a plausible claim for relief, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Fowler,* 578 F.3d at 213 (quoting *Twombly*, 550 U.S. at 556).

"On a motion to dismiss, the Court 'may consider documents that are attached to or submitted with the complaint and any matters incorporated by reference or integral to the claim, [and] items subject to judicial notice.'" *Acosta*, 53 V.I. at 768 n.1 (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)); *see also Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 (3d Cir. 2006) ("Courts may consider matters of public record, exhibits attached to the complaint, and undisputedly authentic documents attached to a motion to dismiss.").

### III.  DISCUSSION

In his Motion, Turner argues that the federal claims against him in his official capacity should be dismissed because, as an officer of the Government of the Virgin Islands acting in his

official capacity, he is not a "person" under § 1983. Turner further argues that the federal claims against him in his individual capacity should be dismissed because Matta did not properly state claims for conspiracy or failure to investigate under § 1983, and because he is entitled to qualified immunity. Turner also argues that once the federal claims against him are dismissed, the remaining local claims against him should also be dismissed for lack of subject matter jurisdiction. Finally, Turner argues that Matta's demand for punitive damages against him should be dismissed.

For the reasons discussed below, the Court will grant Turner's Motion with respect to federal Counts I and II against him in his official capacity and with respect to federal Count II against him in his individual capacity. The Court will deny Turner's Motion with respect to federal Count I against him in his individual capacity and his claim that he is entitled to qualified immunity; exercise its supplemental jurisdiction over local Counts IX and XIV; and deny, without prejudice, Turner's Motion with respect to Matta's demand for punitive damages.

**A.      Section 1983 Claims Against Turner in His Official Capacity**

Turner argues that when acting in his official capacity, he is not a "person" for Section 1983 purposes. The Court agrees. *Magras v. De Jongh*, 2013 U.S. Dist. LEXIS 25782, at *15 (D.V.I. Feb. 26, 2013) (quoting *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240 (3d Cir. 2010).[5] Actions for money damages—as sought here (Dkt. No. 1 at 24)—are not permissible under

---

[5] Section 1983 provides, in pertinent part:
> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983 (emphasis added).

8

§ 1983 against the Government or its officers acting in their official capacities. *McCauley*, 618 F.3d at 241.

Because Matta has failed to state a claim under § 1983 against Turner in his official capacity the Court will dismiss any and all § 1983 claims against him in his official capacity.[6]

**B.      Section 1983 Claims Against Turner in His Individual Capacity**

Claims under § 1983 against state officials in their individual capacities and seeking money damages are permissible. *Hafer v. Melo*, 502 U.S. 21, 27–28 (1991). Accordingly, the Court will consider Matta's claims against Turner in his individual capacity.

**1.   Count I - Conspiracy**

Plaintiff Matta alleges in Count I that Defendant Turner conspired with other individual Defendants to maliciously prosecute him. (Dkt. No. 1 at ¶¶ 7, 68). Defendant Turner argues that Matta has failed to state a claim for conspiracy against him because "there are no factual allegations that Defendant Turner had any discussions, plotted or planned, and otherwise had any meeting of the minds—let alone any improper motivation—to cooperate with the officers in any effort to allegedly deprive [Matta] of any constitutional rights." (Dkt. No. 33 at 6). For the reasons discussed below, the Court finds that Matta's allegations are sufficient to state a claim for conspiracy under § 1983 against Defendant Turner as it pertains to the claim of malicious prosecution.

---

[6] It is unclear which specific § 1983 claims Matta is asserting against Turner in his official capacity. Matta's Complaint states that "Emanuel Turner is being sued in his individual and official capacity . . . ." (Dkt. No. 1 at ¶ 7). In Count I, Matta states that "Defendants . . . at all times mentioned in this Complaint, were acting in their individual capacities under color of law as officers of the Virgin Islands Police Department." (*Id.* at ¶ 66). In Count II, Matta makes no mention of individual or official capacity.

9

"To demonstrate the existence of a conspiracy under § 1983, 'a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'" *Laurensau v. Romarowics*, 528 F. App'x 136, 140 (3d Cir. 2013) (quoting *Parkway Garage, Inc. v. Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993)). Although conspiracy claims are not subjected to a heightened pleading standard, "the complaint must provide some factual basis to support a claim." *Ashton v. Uniontown*, 459 F. App'x 185, 191 (3d Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 224 (2007)). A plaintiff must plead sufficient facts for the court to infer that there was a conspiratorial agreement to act between the defendants. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176–77 (3d Cir. 2010). It is insufficient to merely allege that the defendants "act[ed] in concert and conspiracy." *Ashton*, 459 F. App'x at 191. Rather, the plaintiff must make a showing that there was a "meeting of the minds" between the defendants. *Startzell v. Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). "[S]pecific facts addressing the time the agreement was made, the period of the conspiracy, the exact parties to the agreement, and the object of the conspiracy are required." *Pittman v. Martin*, 2014 U.S. App. LEXIS 11313, at *4–5 (3d Cir. June 17, 2014) (citing *Great W. Mining*, 615 F.3d at 178–79).

Plaintiff Matta alleges that Defendant Turner "conspired with the other individual defendants to cover up the unwarranted arrest, seizure and use of excessive force against [Matta], in violation of [Matta's] constitutional, civil and statutory rights." (*Id.* at ¶ 7). The "object of the conspiracy," according to Matta, was "to cover up the use of force by the individual officers by maliciously prosecuting [Matta] for assault and other crimes." (Dkt. No. 38-1 at 7). Matta argues that the conspiracy began after individual officers assaulted him on November 26, 2009 and

conspired to initiate criminal charges against him, and ended on February 23, 2010, when he was acquitted. (*Id.* at 6–7) (citing Dkt. No. 1 at ¶¶ 14, 48, 52, 60).

> Matta explains in his Opposition:
>
> Had Turner properly investigated [Matta's] excessive use of force complaint and properly concluded that [Matta] was unlawfully beaten and arrested, [Matta] would have been spared the malicious prosecution. Rather, Turner conspired with the other defendants to cover up the injustices committed against [Matta] by intentionally failing to investigate [Matta's] complaint and rendering findings consistent with the charges maliciously brought against [Matta].

(*Id.* at 8). In other words, Matta's argument is that Defendant Turner conspired with the other Defendants to perform a deficient investigation and file a false report to corroborate the assault and reckless endangerment charges, which were both the grounds upon which the police arrested Matta and the basis for the allegedly malicious prosecution against him in the Superior Court of the Virgin Islands.

Accepting as true Plaintiff Matta's factual allegations, the Court cannot find that it is not "plausible" that a conspiratorial agreement existed between Defendant Turner and the other Defendants for Turner to render a report consistent with the charges brought against Matta. *Fowler*, 578 F.3d at 210–11 (quoting *Iqbal*, 556 U.S. at 679). Nor can the Court conclude that, when the Complaint is considered in the light most favorable to Plaintiff, the Plaintiff is "not entitled to relief under any reasonable reading of the complaint." *Acosta*, 53 V.I. at 771. As noted, Internal Affairs found Defendant Turner's investigation to be "deficient" (Dkt. No. 33-1), and Matta was acquitted of the charges brought against him. (Dkt. No. 1 at ¶ 58). The Court can infer under the circumstances here that Turner's report was issued as part of a conspiracy to

"cover up the injustices committed against [Matta] . . . and render[] findings consistent with the charges maliciously brought against [Matta]." (Dkt. No. 38-1 at 8).[7]

Accordingly, the Court finds that Matta has stated a claim against Turner under § 1983 for participating in a conspiracy to deprive him of his rights through a malicious prosecution.

### 2. Count II – Failure to Investigate

Matta makes several assertions in Count II of his Complaint pertaining to various alleged failures to investigate. Matta alleges that Defendants "caused a loss or deprivation of" his rights by:

> Fail[ing] to investigate civilian complaints against Police Officers of the Virgin Islands Police Department, to include properly investigating reports of police misconduct and timely investigating reports of police misconduct, or acquiescing in the same[;]
>
> Fail[ing] to conduct systematic and complete internal affairs investigations resulting in appropriate and documented corrective action at all levels of the United States Virgin Islands Police Department;
>
> . . . .
>
> Failing to investigate cases before filing charges[.]

---

[7] Matta also alleges that the conspiracy resulted in his unlawful seizure, unlawful arrest, false imprisonment, and suffering of physical harm. (Dkt. No. 1 at ¶ 68). However, there are no allegations in the Complaint indicating that Turner's involvement extended beyond allegedly covering up the actions of the other Defendant police officers through Turner's investigation and report to support Matta's malicious prosecution. Indeed, paragraph 67 of the Complaint, which lists the Defendants who allegedly used unlawful force against Matta and unlawfully seized and arrested him, does not include Defendant Turner. (*Id.* at ¶ 67). Further, in addressing Count I, Matta's Opposition to Turner's Motion for Judgment on the Pleadings focuses exclusively on Turner's alleged role in the conspiracy with regard to Matta's malicious prosecution claim. (Dkt. No. 38-1 at 5–8). In Defendant Turner's Motion for Judgment on the pleadings, he argues that Matta failed to state a claim for conspiracy because "there is nothing in the Complaint to indicate that Defendant Turner conspired with the officers or had any knowledge of the activities prior to the arrest and during the arrest." (Dkt. No. 33 at 6). The Court agrees that, to the extent that Matta purports to assert a claim for conspiracy against Turner that extends beyond the malicious prosecution claim, the Complaint fails to state a claim upon which relief can be granted.

(Dkt. No. 1 at ¶ 73, subsections i–j, l). The Court finds that Matta did not sufficiently allege a constitutional right which Turner violated by allegedly failing to investigate Matta's civilian complaint.

"For a plaintiff to recover under § 1983, she must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988), and *Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994)). Section 1983 "'is not itself a source of substantive rights, but [rather] a method for vindicating the federal rights elsewhere conferred." *Neumeyer v. Beard*, 421 F.3d 210, 213 (3d Cir. 2005) (alteration in original) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979)). A § 1983 claim cannot move forward without the plaintiff identifying the specific constitutional right that the defendant infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Third Circuit has recognized civil rights plaintiffs' ability to bring claims against municipalities for deliberate indifference as evidenced by a systemic failure to investigate civilian complaints and supervise police officers. *See*, e.g., *Beck v. Pittsburgh*, 89 F.3d 966, 973–74 (3d Cir. 1996); *see also Tobin v. Badamo*, 78 F. App'x 217, 219 (3d Cir. 2003). "A custom of failing to investigate citizen complaints may provide a basis for *municipal liability* if 'a policymaker (1) had notice that a constitutional violation was likely to occur, and (2) acted with deliberate indifference to the risk.'" *Brice v. City of York*, 528 F. Supp. 2d 504, 518 (M.D. Pa. 2007) (emphasis added) (quoting *Hernandez v. Borough of Palisades Park Police Dep't*, 58 F. App'x 909, 912 (3d Cir. 2003)). As Turner notes in his Motion, "to the extent that Plaintiff is alleging failed policies and procedures, those allegations seem reserved and directed to the GVI . . . ." (Dkt. No. 33 at 7). The Court concurs with this assessment.

Plaintiff has cited no authority—and the Court is unaware of any—for the proposition that the failure to investigate an individual's civilian complaint is a constitutional violation in and of itself. Indeed, many courts have concluded that the failure to investigate a civilian complaint is not a constitutional violation. *See, e.g.*, *Abu Bakr Ladd v. Heath*, 2014 U.S. Dist. LEXIS 283, at \*11 (E.D. Mo. 2014) ("[T]here is no federal constitutional right to due process in an [internal affairs department] proceeding against a police officer.") (citations omitted); *Sanders v. Hobbs*, 2010 U.S. Dist. LEXIS 113464, at \*7 (E.D. Ark. Oct. 4, 2010) ("Plaintiff does not have a federal statutory or constitutional right to demand an internal affairs investigation."); *Porter v. City of Columbus*, 2008 U.S. Dist. LEXIS 100717, at \* 23 (S.D. Ohio Dec. 12, 2008) ("[I]t is altogether unclear . . . how the purportedly inappropriate handling of [the plaintiff's] citizen's complaint rises to the level of a constitutional tort."); *Breitbard v. Mitchell*, 390 F. Supp. 2d 237, 250 (E.D.N.Y. 2005) ("Defendants correctly note that there is 'no right, privilege, or immunity guaranteed by the Constitution or the laws of the United States [that] is implicated by a civilian complaint to a police department. At most plaintiff alleges that Detective Fallacaro performed her job poorly.") (alteration in original) (citation omitted); *Garrison v. McQueeney*, 1995 U.S. Dist. LEXIS 1013, at \*4–7 (N.D. Ca. Jan. 27, 1995) ("It is clear that a specific constitutional right to an internal affairs investigation does not exist.").

Accordingly, the Court finds Plaintiff Matta has failed to state a claim under § 1983 against Defendant Turner for failure to investigate Matta's civilian complaint.[8]

---

[8] Both parties cite case law for the proposition that "[a] failure to investigate may support a due process claim if the Plaintiff can show the defendant acted intentionally or recklessly, thereby shocking the conscience[.]" (Dkt. No. 33 at 7) (citing *Retzler v. Marrone*, 2009 U.S. Dist. LEXIS 68624 (E.D. Pa. Aug. 5, 2009), and *Martin v. Anderson*, 2008 U.S. Dist. LEXIS 87912 (E.D. Pa. Oct. 28, 2009)). However, neither *Retzler*, *Martin*, nor the cases cited therein, involved an alleged failure to investigate a civilian complaint.

C.  **Qualified Immunity**

Defendant Turner argues that he should be afforded qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In evaluating a government official's qualified immunity claim, courts determine whether the plaintiff has alleged facts that "make out a violation of a constitutional right," and, if so, "decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 232 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

As discussed above, Plaintiff Matta has alleged sufficient facts to survive a motion for judgment on the pleadings for failure state a claim against Defendant Turner under § 1983 for participating in a conspiracy to deprive Matta of his rights through a malicious prosecution. Further, there is a clearly established right to be free from malicious prosecution. *See, e.g.*, *Molina v. City of Lancaster*, 159 F. Supp. 2d. 813, 820 (E.D. Pa. 2001) (noting that the "right to be free from . . . malicious prosecution is clearly established.") (citing *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995)); *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012) ("A right is clearly established for qualified immunity purposes where its contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'") (quoting *Saucier*, 533 U.S. at 202). Accordingly, Turner is not clothed in qualified

immunity for his actions in allegedly participating in a conspiracy to maliciously prosecute Plaintiff Matta.[9]

**D.     Punitive Damages**

Defendant Turner argues that the Court must "dismiss with prejudice as a matter of law" Plaintiff Matta's demand for punitive damages. (Dkt. No. 33 at 11). Turner relies on two cases for the proposition that punitive damages "can only be imposed when the defendant's conduct was motivated by evil motive or intent or when it involves a reckless or callous indifference to the federally protected rights of others." (*Id.*) (citing *Brennan v. Norton*, 350 F.3d 399, 428–29 (3d Cir. 2003), and *Keenan v. Philadelphia*, 983 F.2d 459 (3d Cir. 1992)). In response, Matta contends that it is "premature" to dismiss his demand for punitive damages because "factual discovery is ongoing," and the Court cannot yet determine whether Turner's alleged conduct meets the standard for punitive damages. (Dkt. No. 38-1 at 13).

The Court notes that both cases which Turner cites involved post-trial determinations of whether defendants' conduct warranted awards of punitive damages. *See Brennan*, 350 F.3d at 428–29; *Keenan*, 983 F.2d at 469–72. While the Court may dismiss a claim for punitive damages at this stage of the proceedings, *see Boring v. Google, Inc.*, 362 F. App'x 273, 282–83 (3d Cir. 2010), the Court will decline to do so here. Matta alleges that, through performing a deficient

---

[9] Defendant Turner argued that, if the Court dismissed both federal claims against him, it should decline to exercise supplemental jurisdiction over the two local claims against him, pursuant to Title 28 U.S.C. § 1367(c)(3). This argument is moot, given that the Court will not dismiss Matta's federal claim in Count I against Defendant Turner. Pursuant to Title 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Matta's local claims against Turner for defamation and intentional infliction of emotional distress because they "derive from a common nucleus of operative facts" as Matta's § 1983 claims, and because these claims are "such that [Matta] would ordinarily be expected to try them all in one judicial proceeding." *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995) (citing *United Mineworkers v. Gibbs*, 383 U.S. 715, 725 (1966)). Accordingly, the Court will not dismiss local Counts IX and XIV.

investigation and filing a false report, Defendant Turner participated in a conspiracy to maliciously prosecute Matta, defamed him, and intentionally inflicted emotional distress upon him. The Court finds that, under the circumstances here, it is premature to determine whether Defendant Turner's alleged actions warrant an award of punitive damages.

Accordingly, the Court will deny, without prejudice, Defendant Turner's Motion with respect to Matta's demand for punitive damages against him.

### IV.     CONCLUSION

For the reasons stated above, the Court will grant Defendant Turner's Motion for Judgment on the Pleadings with respect to Matta's federal claims against Turner in his official capacity and Count II against Turner in his individual capacity. The Court will dismiss the federal claims against Turner in his official capacity with prejudice, and will dismiss Count II against Turner in his individual capacity without prejudice. The Motion is denied with respect to Count I against Turner in his individual capacity, local Counts IX and XIV, and Matta's demand for punitive damages. An appropriate Order accompanies this Memorandum Opinion.

Date: August 27, 2014                               _____/s/_____
                                                    WILMA A. LEWIS
                                                    Chief Judge