DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| STEVEN ENRIQUE MATTA, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2011-0091 |
| ) | |
| GOVERNMENT OF THE VIRGIN ISLANDS, ) | |
| USTON CORNELIUS, DONNELL SAMUEL, ) | |
| SAMUEL ABRAHAM, NYIEM FRANCE, ) | |
| ANTHONY HECTOR and EMANUEL ) | |
| TURNER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorneys:**
**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Erika Marie Scott, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Samuel Abraham's Motion to Dismiss (Dkt. No. 106) and Plaintiff's Opposition thereto (Dkt. No. 127). In the Motion, Defendant Abraham seeks dismissal, with prejudice, of the claims against him, in his individual capacity, under Rule 12(b)(5) of the Federal Rules of Civil Procedure for Plaintiff's failure to effect timely service of process as required by Rule 4(m). (*See* Dkt. No. 106 at 1). In response to the Motion, Plaintiff states that he does not oppose the dismissal of Defendant Abraham for lack of service of process, but argues that the dismissal should be without prejudice. (*See* Dkt. No. 127 at 2).

While Defendant Abraham seeks dismissal of the claims against him with prejudice, Rule 12(b)(5) does not provide for such a remedy. In *Umbenhauer v. Woog,* the Third Circuit held that

"dismissals under Fed. R. Civ. P. . . . 12(b)(5) must be entered without prejudice." 969 F.2d 25, 30 n.6 (3d Cir. 1992) (citing *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 875 (3d Cir. 1944)); *see also In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 431-32 (S.D.N.Y. 2009) ("Absent perfected service, a court lacks jurisdiction to dismiss an action with prejudice; therefore[,] dismissal pursuant to Rule 12(b)(5) must be without prejudice.").

Dismissal with prejudice is also inappropriate under Rule 4(m). *See Bowling v. Hasbro, Inc.*, 403 F.3d 1373, 1376 (Fed. Cir. 2005) (finding "Rule 4(m) does not permit dismissal with prejudice"), *see also Bowie v. Edison Sec. Corp.*, 2001 U.S. Dist. LEXIS 14116, at *9 n.2 (N.D. Tex. Sept. 10, 2001) (denying defendant's motion to dismiss pursuant to Rules 4(m) and 12(b)(5) because the remedy sought, dismissal with prejudice, was inappropriate). Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action *without prejudice* against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m) (emphasis added).[1] Thus, Rule 4(m) also requires the court to dismiss without prejudice.

A district court may dismiss with prejudice only when the plaintiff's failure to serve process amounts to a failure to prosecute. *See, e.g.*, *Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir. 2013); *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1278 (9th Cir. 1981). Such a dismissal is authorized by Rule 41(b), which provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Unless otherwise

---

[1] Effective December 1, 2015, Rule 4(m) was amended to reduce the time for serving a defendant from 120 days to 90 days. *See* FED. R. CIV. P. 4(m) (2015). At the time the instant action was filed, the 120-day time limit was in effect. Accordingly, the pre-amendment version of Rule 4(m) applies in this case.

2

stated, dismissals under Rule 41(b) are with prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) (citing FED. R. CIV. P. 41(b)).

When determining whether to dismiss claims pursuant to Rule 41(b), the court must consider and balance the six factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). Those factors are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citing *Poulis*, 747 F.2d at 868).

In the instant case, Defendant Abraham has not moved for dismissal pursuant to Rule 41(b), nor demonstrated that consideration of the six *Poulis* factors would warrant a dismissal with prejudice for failure to prosecute. Accordingly, the Court will dismiss the claims against Defendant Abraham without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date: January 8, 2016

                                                         _____/s/_____
                                                    WILMA A. LEWIS
                                                    Chief Judge